UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOANNE M. WOODS, Individually and as
Administratix of the Estate of KRISTIAN T.
WOODS, and as court-appointed Guardian
of Property for MYDASIA A. WOODS,
IZAIAH K. WOODS, and MARIYAH A.
WOODS.

Plaintiff demands a trial by
jury

Plaintiff,

vs.

**COMPLAINT**

TOWN OF TONAWANDA
COUNTY OF ERIE
JOHN DOES I-X,
JOHN DOES XI-XX,

Civil No.:

Defendants.

---

Plaintiff JOANNE M. WOODS, Individually, and as Administratrix of the Estate of

KRISTIAN T. WOODS, Deceased, as and for her Complaint against the Defendants, alleges

that:

### **PARTIES**

1.      The above-named Plaintiff's decedent, KRISTIAN T. WOODS, died intestate on

October 23, 2012 and at the time of his death was a resident of the Town of Amherst, County of

Erie, State of New York.

2.      On or about July 23, 2013, Letters of Limited Administration were duly issued

and granted by the Surrogate of the County of Erie to Plaintiff JOANNE M. WOODS, who

thereupon qualified and is now still acting as Administratrix. Exhibit A.

HoganWillig {H1216511}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

3

3.     On or about June 26, 2013, Plaintiff JOANNE M. WOODS was Appointed Guardian of property of Mydasiah A. Woods, a natural child of the Decedent.

4.     On or about July 12, 2013, Plaintiff JOANNE M. WOODS was appointed Guardian of Property of Izaiah K. Woods and Mariyah A Woods, both natural children of the Decedent.

5.     Upon information and belief, at all relevant times stated herein, Defendant TOWN OF TONAWANDA was and is a municipal corporation organized and existing under the laws of the State of New York, with principal offices in the Village of Kenmore, County of Erie, State of New York.

6.     Upon information and belief, at all relevant times stated herein, Defendant TOWN OF TONAWANDA maintained the TOWN OF TONAWANDA POLICE DEPARTMENT, a department within Defendant TOWN OF TONAWANDA, with principal offices in the Village of Kenmore, County of Erie, and State of New York.

7.     Upon information and belief, at all relevant times stated herein, Defendants JOHN DOES I-X were and are natural persons residing, upon information and belief, in the County of Erie and State of New York, and were and are employees of Defendant TOWN OF TONAWANDA and/or the TOWN OF TONAWANDA POLICE DEPARTMENT acting within the scope of their employment on the date of the incident at issue herein.

8.     Upon information and belief, at all relevant times stated herein, Defendant COUNTY OF ERIE was and is a municipal corporation organized and existing under the laws of the State of New York, with principal offices in the City of Buffalo, County of Erie, State of New York.

HoganWillig (1.1)
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

4

9.     Upon information and belief, at all relevant times stated herein, Defendant COUNTY OF ERIE maintained the ERIE COUNTY SHERIFF'S DEPARTMENT, a department within Defendant COUNTY OF ERIE, with principal offices in the City of Buffalo, County of Erie, and State of New York.

10.    Upon information and belief, at all relevant times stated herein, Defendants JOHN DOES XI-XX were and are natural persons residing, upon information and belief, in the County of Erie and State of New York, and were and are employees of Defendant COUNTY OF ERIE and/or the ERIE COUNTY SHERIFF'S DEPARTMENT acting within the scope of their employment on the date of the incident at issue herein.

## JURISDICTION

11.    This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution and under Federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

12.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (a).

13.    At all relevant times stated herein, all activities giving rise to the instant action occurred within the State of New York.

14.    At all relevant times stated herein, Plaintiff and Plaintiff's Decedent were citizens of the United States of America and domiciliaries of the State of New York, County of Erie.

15.    Each of the acts of Defendants JOHN DOES I-X were performed in the course of their employment with Defendant TOWN OF TONAWANDA and the TOWN OF TONAWANDA POLICE DEPARTMENT, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, County of Erie and Town

HOGANWILLIG{01.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

5

of Tonawanda, and under their authority as agents, servants and/or employees of Defendant TOWN OF TONAWANDA and the TOWN OF TONAWANDA POLICE DEPARTMENT.

16.     Each of the acts of Defendants JOHN DOES XI-XX were performed in the course of their employment with Defendant COUNTY OF ERIE and the ERIE COUNTY SHERIFF'S DEPARTMENT, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and County of Erie, and under their authority as agents, servants and/or employees of Defendant COUNTY OF ERIE and/or the ERIE COUNTY SHERIFF'S DEPARTMENT.

17.     On or about the 31st of July, 2012, and within ninety (90) days after the incident herein sued upon accrued, Plaintiff served upon Defendant TOWN OF TONAWANDA and the TOWN OF TONAWANDA POLICE DEPARTMENT, through their duly authorized agents, a verified written Notice of Claim pursuant to Section 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature and manner in which the claim arose.

18.     More than thirty (30) days have elapsed from the date the Notice of Claim was served and Defendant TOWN OF TONAWANDA and the TOWN OF TONAWANDA POLICE DEPARTMENT have neglected and refused to make payment of the claim.

19.     On or about the 31st of July, 2012, and within ninety (90) days after the incident herein sued upon accrued, Plaintiff served upon Defendant COUNTY OF ERIE and its ERIE COUNTY SHERIFF'S DEPARTMENT, through their duly authorized agents, a verified written Notice of Claim pursuant to Section 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature and manner in which the claim arose.

HoganWillig {00981631.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

6

20.     More than thirty (30) days have elapsed from the date the Notice of Claim was served and Defendant COUNTY OF ERIE and the ERIE COUNTY SHERIFF'S DEPARTMENT have neglected and refused to make payment of the claim.

21.     This action was commenced within one (1) year and ninety (90) days from the date the claims based upon New York law accrued.

22.     Plaintiff sues Defendants JOHN DOES I-XX, public employees, in both their official and individual capacities with regard to the New York state tort claims and in their individual capacities on the civil rights claims.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS TOWN OF TONAWANDA THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT AND DEFENDANTS JOHN DOES I-X: VIOLATION OF DECEDENT'S CIVIL RIGHTS THROUGH CRUEL AND INHUMAN PUNISHMENT**

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "22" with the same force and effect as though the same were more fully set forth herein.

24.     On or about May 2, 2012, Decedent was placed under arrest by Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X.

25.     At the time of his arrest, upon information and belief, Decedent was showing overt signs that he was suffering from a serious mental disease or defect and required immediate medical care and treatment.

26.     Defendants JOHN DOES I-X, with deliberate indifference to Decedent's serious medical needs, intentionally denied and/or delayed to provide or seek any medical care or treatment for Decedent.

HoganWillig {H1113811.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

7

27.     Decedent was instead placed into a TOWN OF TONAWANDA POLICE DEPARTMENT patrol car and transported to the TOWN OF TONAWANDA POLICE DEPARTMENT headquarters, whereupon, Decedent was processed and detained.

28.     On or about May 2, 2012, Decedent was detained at the TOWN OF TONAWANDA POLICE DEPARTMENT headquarters for, upon information and belief, 4 hours.

29.     Upon information and belief, during the time of Decedents detainment, Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X intentionally denied and/or delayed in giving Decedent prescription medication for his serious mental disease or defect despite having knowledge and/or notice of the same.

30.     During that period of detainment, Decedent's family repeatedly asked Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X to provide medical care and treatment for Decedent's serious mental disease or defect or for Decedent to be taken to a place where he could obtain medical treatment, and were repeatedly refused.

31.     As a result of Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X refusal to provide medical care and treatment or take Decedent to a place where medical care and treatment could be offered, Decedent would fall into a coma on May 4, 2012 and remain in a comatose state until his death on October 23, 2012

32.     The refusal to provide medical treatment to Decedent was intended to punish Decedent, was part of a custom and policy of Defendant TOWN OF TONAWANDA and its

HoganWillig {H1159911.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

8

TOWN OF TONAWANDA POLICE DEPARTMENT to deprive prisoners and inmates of adequate medical treatment and constituted cruel and unusual punishment expressly prohibited by the Eighth Amendment of the United States Constitution.

33.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE THROUGH ITS ERIE COUNTY SHERIFF'S DEPARTMENT AND DEFENDANTS JOHN DOES XI-XX: VIOLATION OF DECEDENT'S CIVIL RIGHTS THROUGH CRUEL AND INHUMAN PUNISHMENT**

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "33" with the same force and effect as though the same were more fully set forth herein.

35.     On or about May 2, 2012, while Decedent was still under arrest, Decedent was transferred into the custody of Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX.

36.     At the time of his transfer, upon information and belief, Decedent was still showing overt signs that he was suffering from a serious mental disease or defect and required immediate medical care and treatment.

37.     Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX, with deliberate indifference to Decedent's serious medical needs, intentionally denied and/or delayed to provide or seek any medical care or treatment for Decedent.

HOGANWILLIG{01243611.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

9

38.     Upon information and belief, Decedent was placed into an ERIE COUNTY SHERIFF'S DEPARTMENT patrol car and transported to the Erie County Holding Center, whereupon, Decedent was processed and detained.

39.     Decedent was incarcerated at the Erie County Holding Center for, upon information and belief, approximately 16 hours, from the evening of May 2, 2012 until the afternoon of May 3, 2012.

40.     Upon information and belief, Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT and Defendants JOHN DOES XI-XX intentionally denied and/or delayed in giving Decedent prescription medication for his serious mental disease or defect despite having knowledge and/or notice of the same.

41.     During that period of incarceration, Decedent's family repeatedly asked Defendant COUNTY OF ERIE, to representatives of its ERIE COUNTY SHERIFF'S DEPARTMENT and Defendants JOHN DOES XI-XX to provide medical care and treatment for Decedent's serious mental disease or defect or for Decedent to be taken to a place where he could obtain medical treatment, and were repeatedly refused.

42.     As a result of Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX refusal to provide medical care and treatment or take Decedent to a place where medical care and treatment could be offered, Decedent would fall into a coma on May 4, 2012 and remain in a comatose state until his death on October 23, 2012.

43.     The refusal to provide medical treatment to Decedent was intended to punish Decedent, was part of a custom and policy of Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, to deprive prisoners and inmates of adequate medical

HoganWillig {01161161 1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

10

treatment and constituted cruel and unusual punishment expressly prohibited by the Eighth Amendment to the United States Constitution.

44. As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT: NEGLIGENT HIRING, TRAINING AND SUPERVISION

45. Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "44" with the same force and effect as though the same were more fully set forth herein.

46. Upon information and belief, Defendant TOWN OF TONAWNADA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, its agents, servants and employees, hired Defendants JOHN DOES I-X to perform work as Officers and/or in other capacities for the TOWN OF TONAWANDA POLICE DEPARTMENT.

47. Defendant TOWN OF TONAWNADA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, was negligent in the hiring of the aforesaid agents, servants and/or employees in that it knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament and psychological makeup to effect arrests and detain arrestees without arbitrarily and intentionally depriving arrestees of needed medical care and treatment, to supervise and discipline prisoners without meting out cruel and arbitrary punishment and to otherwise properly carry out their duties as responsible and law abiding police officers.

HoganWillig {00000 1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

11

48.     Defendant TOWN OF TONAWNADA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, was negligent in the training of the aforesaid agents, servants and/or employees in that it failed to train Defendants JOHN DOES I-X to recognize, treat or otherwise act upon prisoners with serious or life-threatening injuries and/or illnesses and failed to train their employees that intentionally withholding medical treatment is improper, unconstitutional and dangerous disciplinary techniques, and failed to train Defendants JOHN DOES I-X in how to properly respond to complaints of serious or life-threatening injuries and/or illnesses and need for medical treatment by persons in their custody, and in the rights of suspects under the United States Constitution in general.

49.     Defendant TOWN OF TONAWNADA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, was negligent in its supervision of the aforesaid agents, servants and/or employees in that it permitted and encouraged said agents, servants and employees to ignore pleas for medical treatment from persons in their custody, permitted and encouraged said agents, servants and employees to provide inadequate medical care, and deliberately withhold medical care, and failed to provide adequate funding resources and facilities to the aforesaid holding center and correctional facility for such medical treatment.

50.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE THROUGH ITS ERIE COUNTY SHERIFF'S DEPARTMENT: NEGLIGENT HIRING, TRAINING AND SUPERVISION**

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "50" with the same force and effect as though the same were more fully set forth herein.

HoganWillig {00616.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

12

52.     Upon information and belief, Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, its agents, servants and employees, hired Defendants JOHN DOES XI-XX to perform work as Deputies and/or in other capacities for the ERIE COUNTY SHERIFF'S DEPARTMENT.

53.     Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, was negligent in the hiring of the aforesaid agents, servants and/or employees in that it knew, or in the exercise of reasonable care should have known, that said agents, servants and/or employees of Defendant did not possess the temperament and psychological makeup to effect arrests and detain arrestees without arbitrarily and intentionally depriving arrestees of needed medical care and treatment, to supervise and discipline prisoners without meting out cruel and arbitrary punishment and to otherwise properly carry out their duties as responsible and law abiding law enforcement officers.

54.     Defendant COUNTY OF ERIE, by its ERIE COUNTY SHERIFF'S DEPARTMENT, was negligent in the training of the aforesaid agents, servants and/or employees in that it failed to train Defendants JOHN DOES XI –XX to recognize, treat or otherwise act upon prisoners with serious or life-threatening injuries and/or illnesses and failed to train their employees that intentionally withholding medical treatment is improper, unconstitutional and dangerous disciplinary techniques, and failed to train Defendant JOHN DOES XI-XX in how to properly respond to complaints of serious or life-threatening injuries and/or illnesses and need for medical treatment by persons in their custody, and in the rights of suspects under the United States Constitution in general.

55.     Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, were negligent in their supervision of the aforesaid agents, servants and/or

employees in that it permitted and encouraged said agents, servants and employees to ignore pleas for medical treatment from persons in their custody permitted and encouraged said agents, servants and employees to provide inadequate medical care, and deliberately withhold medical care, and failed to provide adequate funding resources and facilities to the aforesaid holding center and correctional facility for such medical treatment.

56.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: VIOLATION OF DECEDENT'S CIVIL RIGHTS THROUGH DEPRIVATION OF LIFE AND LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "56" with the same force and effect as though the same were more fully set forth herein.

58.     Upon information and belief, Decedent and Decedent's family pleaded with Defendant TOWN OF TONAWANDA, to representatives of its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X to desist from said Defendants afore-stated actions toward said Decedent and to either provide medical care and treatment for Decedent's serious mental disease or defect or to take Decedent to a place where he could obtain medical treatment for his serious mental disease or defect

59.     Defendant TOWN OF TONAWANDA, throught its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X refusal of Decedent and Decedent's family's requests resulted in his death.

HOGAN WILLIG {00451610.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

14

60.    Said Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X actions toward said Decedent were intended to punish said Decedent and were part of a custom and policy of Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, to deprive detainees of their health and lives without due process of law as expressly prohibited by the United States Constitution and the Amendments thereto.

61.    Said Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X deprived said Decedent of his life without due process of law.

62.    As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE, THROUGH ITS ERIE COUNTY SHERIFF'S DEPARTMENT, AND DEFENDANTS JOHN DOES IX-XX: VIOLATION OF DECEDENT'S CIVIL RIGHTS THROUGH DEPRIVATION OF LIFE AND LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

63.    Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "62" with the same force and effect as though the same were more fully set forth herein.

64.    Upon information and belief, Decedent and Decedent's family pleaded with Defendants COUNTY OF ERIE, to representatives of its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX to desist from said Defendants afore-stated actions toward said Decedent and to either provide medical care and treatment for

HOGAN WILLIG {H0281161.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

15

Decedent's serious mental disease or defect or to take Decedent to a place where he could obtain medical treatment for his serious mental disease or defect

65.     Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX refusal of Decedent and Decedent's family's requests resulted in his death.

66.     Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX actions toward said Decedent were intended to punish said Decedent and were part of a custom and policy of Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, to deprive detainees of their health and lives without due process of law as expressly prohibited by the United States Constitution and the Amendments thereto.

67.     Defendant COUNTY OF ERIE, by its ERIE COUNTY SHERIFF'S DEPARTMENT and Defendants JOHN DOES XI-XX deprived said Decedent of his life without due process of law.

68.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: DEPRIVATION OF CIVIL RIGHTS THROUGH SEIZURE OF PERSON WITHOUT PROBABLE CAUSE AND IN VIOLATION OF DUE PROCESS**

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "68" with the same force and effect as though the same were more fully set forth herein.

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

16

70.     Upon information and belief, at the time Defendants JOHN DOES I-X arrived at the scene, Decedent was sitting peacefully on the sidewalk, showing overt signs that he was suffering from a serious mental disease or defect, and there was no evidence that Plaintiff had committed or was about to commit a crime.

71.     The criminal complainant claimed to Defendants JOHN DOES I-X, that Decedent had moved toward her in a threatening manner, attempted to get into her car and told her that he was going to steal her car and cell phone.

72.     The aforesaid claim was unreasonable on its face as Decedent was acting under a clear mental disease or defect which required immediate medical care and treatment.

73.     Defendants JOHN DOES I-X unreasonably accepted the accusations of the criminal complainant without conducting a sufficient investigation, and ignored exculpatory evidence to the contrary; including overt signs that Decedent was suffering from a clear, serious mental disease or defect which required immediate medical care and treatment.

74.     Defendants JOHN DOES I-X concocted and filed a misleading report regarding Decedent's conduct that afternoon alleging that Decedent threatened the criminal complainant and attempted to take her car and cell phone, when the truth was that Decedent suffered from a serious mental disease or defect and that Decedent posed no threat to any parties due to said mental disease or defect.

75.     The arrest of Decedent by Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT and Defendants JOHN DOES I-X, their agents, servants and/or employees, was warrantless and performed without probable cause.

76.     The arrest of Decedent by Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT and Defendants JOHN DOES I-X, their

HOGANWILLIG {01616.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

17

agents, servants and/or employees, was not privileged, and was in violation of Decedent's well established rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure of his person.

77.     By virtue of the Decedent's arrest without probable cause, the subsequent detention of the Decedent was not reasonable and in direct violation of Decedent's clearly established right under the Fourth Amendment of the United States Constitution to be secure against unreasonable seizure of his person.

78.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: FALSE ARREST AND IMPRISONMENT**

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "78" with the same force and effect as though the same were more fully set forth herein.

80.     On or about the 2nd of May, 2012, Decedent was arrested without probable cause or reasonable basis and was detained at the TOWN OF TONAWANDA POLICE DEPARTMENT headquarters.

81.     As a result of the false arrest of Decedent, Decedent was confined in a holding cell at the headquarters of the TOWN OF TONAWANDA POLICE DEPARTMENT for, upon information and belief, four hours.

82.     Said arrest and confinement were not otherwise privileged, and Decedent was aware of said arrest and confinement and did not consent to it.

HOGAN WILLIG {01151611.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

18

83.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE, THROUGH ITS ERIE COUNTY SHERIFF'S DEPARTMENT, AND DEFENDANTS JOHN DOES XI-XX: FALSE ARREST AND IMPRISONMENT**

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "83" with the same force and effect as though the same were more fully set forth herein.

85.     After several hours confined in a holding cell at the headquarters of the TOWN OF TONAWANDA POLICE DEPARTMENT, Decedent, while still wrongfully under arrest, was transferred into the custody of Defendant COUNTY OF ERIE by its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX where he was confined in a holding cell at the Erie County Holding Center for, upon information and belief, approximately sixteen hours.

86.     Said confinement was without privilege, and decedent was aware of said confinement and did not consent to it.

87.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

HoganWillig {H0516011}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

19

**AS AND FOR AN TENTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: VIOLATION OF DECEDENT'S CIVIL RIGHTS THROUGH DEPRIVATION OF DECEDENT'S PARENTAL RIGHT WITHOUT DUE PROCESS OF THE LAW**

88.   Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "87" with the same force and effect as though the same were more fully set forth herein.

89.   Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X, while operating under the color of state law, took improper actions that ultimately caused Decedent's death.

90.   Defendants TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X improper actions have made it impossible for Decedent to be with his children since May of 2012 thereby causing a destruction of their family life.

91.   Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X improper actions towards Decedent have deprived him of his fundamental right to parenthood protected by the United States Constitution.

92.   As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: WRONGFUL DEATH**

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "92" with the same force and effect as though the same were more fully set forth herein.

94.     As a direct result of the foregoing wrongful actions by Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X, Decedent sustained injuries, including, but not limited to, conscious pain and suffering and, eventually, death.

95.     The aforesaid injuries and the ultimate death of said Decedent were caused solely by the negligent, careless, reckless, wanton and/or wrongful intentional acts of Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X.

96.     The Decedent is survived by his mother Joanne M. Woods, who is the administratrix of Decedent's estate, daughters Mydasia A Woods and Mariyah A. Woods, and son Izaiah K Woods.

97.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

**AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE, THROUGH ITS ERIE COUNTY SHERIFF'S DEPARTMENT, AND DEFENDANTS JOHN DOES XI-XX: WRONGFUL DEATH**

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "97" with the same force and effect as though the same were more fully set forth herein.

HOGANWILLIG {10141 1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

21

99.     As a direct result of the foregoing wrongful actions by Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX, Decedent sustained injuries, including, but not limited to, conscious pain and suffering and, eventually, death.

100.     The aforesaid injuries and the ultimate death of said Decedent were caused solely by the negligent, careless, reckless, wanton and/or wrongful intentional acts of Defendant COUNTY OF ERIE, through its ERIE COUNTY SHERIFF'S DEPARTMENT, and Defendants JOHN DOES XI-XX.

101.     The Decedent is survived by his mother Joanne M. Woods, who is the administratrix of Decedent's estate, daughters Mydasia A Woods and Mariyah A. Woods, and son Izaiah K Woods.

102.     As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT TOWN OF TONAWANDA, THROUGH ITS TOWN OF TONAWANDA POLICE DEPARTMENT, AND DEFENDANTS JOHN DOES I-X: CONSCIOUS PAIN AND SUFFERING

103.     Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "102" with the same force and effect as though the same were more fully set forth herein.

104.     By reason of the negligence, carelessness and wrongful intentional acts of Defendant TOWN OF TONAWANDA, through its TOWN OF TONAWANDA POLICE DEPARTMENT, and Defendants JOHN DOES I-X, prior to his death Decedent suffered great

HoganWillig {H1816101.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

22

pain and physical and mental suffering as a result of his being denied necessary medical care and treatment.

105.    As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF ERIE, THROUGH TIS ERIE COUNTY SHERIFF'S DEPARTMENT, AND DEFENDANTS JOHN DOES XI-XX: CONSCIOUS PAIN AND SUFFERING

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "105" with the same force and effect as though the same were more fully set forth herein.

107.    By reason of the negligence, carelessness and wrongful intentional acts of Defendant COUNTY OF ERIE, by its ERIE COUNTY SHERIFF'S DEPARTMENT and Defendants JOHN DOES XI-XX, prior to his death Decedent suffered great pain and physical and mental suffering as a result of his being denied necessary medical care and treatment.

108.    As a result, Decedent's estate endured serious pain and suffering, including death, all to their damage in a sum exceeding the jurisdictional limits or all lower courts, which would otherwise have jurisdiction, plus punitive damages against the individual Defendants.

WHEREFORE, Plaintiff JOANNE M. WOODS, as Administratrix of the Estate of KRISTIAN T. WOODS demands judgment against the Defendants, as follows

a)      on the First Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

b)      on the Second Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

HOGANWILLIG {10516.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600   Toll Free: 800.636.5255   Fax: 716.636.7606   www.hoganwillig.com

23

c)      on the Third Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

d)      on the Fourth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

e)      on the Fifth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

f)      on the Sixth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

g)      on the Seventh Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

h)      on the Eighth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

i)      on the Ninth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

j)      on the Tenth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

k)      on the Eleventh Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

l)      on the Twelfth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

m)      on the Thirteenth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

n)     on the Fourteenth Cause of Action in an amount to be determined, plus punitive damages against the individual Defendants; and/or

o)     together with the costs, disbursements, and statutory attorney's fees of this action and for such other relief as this Court may deem just, proper and equitable

Dated: July 31, 2013
       Amherst, New York

                                        Yours, etc.

                                        Steven M. Cohen, Esq.
                                        HOGANWILLIG
                                        *Attorneys for Plaintiff*
                                        2410 North Forest Road
                                        Amherst, New York 14068
                                        Telephone:  (716) 636-7600

HoganWillig {H0161761.1}
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600    Toll Free: 800.636.5255    Fax: 716.636.7606    www.hoganwillig.com

25